UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD BARRETT DALE WALKER,

    Petitioner,

v.    Case No: 6:24-cv-943-JSS-EJK

WARDEN, RRM ORLANDO,

    Respondent.
_____/

## ORDER

Petitioner, Richard Barrett Dale Walker, a prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) Respondent, the Warden of Residential Reentry Management (RRM) Orlando, filed a response and a supplemental memorandum. (Dkts. 7 & 11.) Petitioner filed replies. (Dkts. 9, 12, & 14.) For the reasons outlined below, the court denies the petition (Dkt. 1) and dismisses this case with prejudice.

## BACKGROUND

Petitioner was found guilty of one count of wire fraud and one count of bank fraud. (Criminal Case No. 6:19-cr-244-PGB-LHP, Dkt. 79).[1] He was sentenced to sixty-five months in prison, to be followed by two years of supervised release. (*Id.*)

---

[1] Criminal Case No. 6:19-cr-244-PGB-LHP will be referred to as "Criminal Case."

The Eleventh Circuit affirmed his sentence on appeal. (Criminal Case, Dkt. 109.)

Petitioner states that he "reported to Federal Prison Camp Jesup on December 7, 2020[,] and had a statutory release date of July 17, 2024." (Dkt. 1-1 at 2.) However, his "[c]urrent statutory release date is August 27, 2024[,] with the loss of good conduct time." (*Id.*) Petitioner is "on home confinement in Orange County, Florida," in the Eastern Time Zone, and is "being overseen by . . . RRM Orlando." (Dkt. 11 at 2.)

Among the conditions of his home detention, Petitioner was required to "remain at [his] place of residence, except for employment, unless [he was] given specific permission to do otherwise." (Dkt. 7-1 at 14 (¶ 12).) Petitioner also agreed to wear an "electronic monitoring device" during his home confinement. (*Id.* at 12, 14 (¶ 3).) On January 9, 2024, at 2:07 P.M., Petitioner left his residence without permission and went to three different grocery stores in Orlando, Florida. (*Id.* at 2.) As a result, Petitioner lost twenty-seven days of good conduct time. (*Id.*)

Petitioner asserts that there is "[v]ideo proof [he] was home" and that the incident report "was written several hours before [the] alleged violation even occurred." (Dkt. 1 at 6.) Petitioner contends that he was at his residence on January 9, 2024, between 2:07 P.M. and 3:15 P.M. Central Time. (Dkt. 1-1 at 3.)

The incident report indicated that Petitioner was away from his home between 2:07 P.M. and 3:15 P.M. (Dkt. 7-1 at 5.) In one place, the incident report gave the time zone as Central Time. (*Id.*) The remainder of the report made no mention of the time zone. (*See id.*) Petitioner was provided with written notice of the charge and a

copy of the incident report. (*See id.*)

## ANALYSIS

The court first explains that Petitioner failed to exhaust his administrative remedies and then discusses how his petition fails on the merits in any event.

### 1. Exhaustion

The Bureau of Prisons (BOP) "has the exclusive authority to compute sentence credit awards after sentencing." *Roberts v. Pistro*, No. 5:22-cv-129/TKW/MAL, 2022 U.S. Dist. LEXIS 234422, at *3 (N.D. Fla. Dec. 6, 2022). "An inmate may challenge the BOP's computation of sentence through an application for a writ of habeas corpus under 28 U.S.C. § 2241." *Johnson v. Orlando Reg'l Re-Entry Manager*, No. 8:23-cv-224-SDM-CPT, 2023 U.S. Dist. LEXIS 92808, at *3 (M.D. Fla. May 26, 2023). "Although the exhaustion requirement is not jurisdictional, it is a requirement. To that end, . . . [a]n inmate seeking to challenge the computation of sentence credits must avail [him]self of the BOP's administrative remedy procedure before filing a § 2241 petition." *Roberts*, 2022 U.S. Dist. LEXIS 234422, at *3 (citation omitted); *see also Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020) ("If an inmate fails to exhaust [his] administrative remedies and the respondent raises the issue in the district court, the district court may not grant relief on the inmate's petition.").

The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out[] and do[es] so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quotation omitted). An inmate must exhaust his remedies "as a precondition to

bringing suit in federal court." *Id.* at 88.

The BOP has established an Administrative Remedy Program, codified at 28 C.F.R. §§ 542.10–542.19, through which an inmate may seek formal review of an issue relating to any aspect of his confinement. The program provides an inmate who could not informally resolve an issue with three levels of appeal: institutional, regional, and national. *See* 28 C.F.R. § 542.15.

Generally, an inmate must first attempt to resolve the matter informally with the institution where he is incarcerated. 28 C.F.R. § 542.13(a). If unsuccessful, the inmate must submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an [a]ppeal on the appropriate form (BP-10) to the appropriate Regional Director within [twenty] calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). Finally, an "inmate who is not satisfied with the Regional Director's response may submit an [a]ppeal on the appropriate form (BP-11) to the General Counsel within [thirty] calendar days of the date the Regional Director signed the response." *Id*. "Administrative remedies are not exhausted until the claim has been presented at all levels and has been denied at all levels." *Castro v. Dobbs*, No. 19-80477-CV-MIDDLEBROOKS, 2020 U.S. Dist. LEXIS 90624, at *5 (S.D. Fla. May 21, 2020) (citing 28 C.F.R. §§ 542.10, 542.15(a)).

Respondent filed the Declaration and Certification of Records by Kenneth Lee Richardson, an attorney for the Consolidated Legal Center at the Federal Correctional

Complex in Coleman, Florida. (Dkt. 11-1 at 1.) Richardson has access to documents and electronic data created and/or maintained by the BOP. (*Id.*) According to Richardson, on February 20, 2024, the BOP "received [Petitioner's] Regional administrative remedy," but the remedy was rejected because it was filed on the wrong form and included too many pages. (Dkt. 11-1 at 2–3). "Instead of properly refiling the remedy at the Regional level, [Petitioner] filed [an] administrative remedy . . . with the Central office on April 1, 2024." (*Id.* at 3). This remedy was rejected because Petitioner "did not refile . . . at the Regional level," and Petitioner was advised of what he needed to do "to correct his remedy so that he could properly exhaust." (*Id.*) Richardson concludes that because there is no record that Petitioner properly refiled either of his remedies, Petitioner "has failed to fully exhaust his remedy prior to the filing of his petition with the [c]ourt." (*Id.*)

The court agrees with Richardson and holds that Petitioner failed to exhaust his remedies with the BOP. After the Regional Office rejected his remedy, Petitioner failed to re-submit it on the correct form. Petitioner disregarded the BOP's procedures and deprived the BOP of the opportunity to address his claim. Because Petitioner failed to exhaust his remedies, the court denies the petition.

2. **Merits**

On the merits, Petitioner argues that he "was in fact at his residence" on January 9, 2024, between 2:07 P.M. and 3:15 P.M. Central Time. (Dkt. 1-1 at 3.) He maintains that the allegations in the incident report are disproved by his "home surveillance

- 5 -

system showing" date and time data. (*Id*.)  Respondent has acknowledged that the incident report's single mention of the Central Time Zone, rather than the Eastern Time Zone where Petitioner resides, is a typographical error. (Dkt. 11 at 7; *see* Dkt. 7-1 at 5.)

During the Center Discipline Committee (CDC) investigation, Petitioner stated that the "cameras in [his] house" showed that he "was home" and that his attorney "ha[d] the footage" and "w[ould] be happy to attest to" it. (Dkt. 7-1 at 7.)  Before his CDC hearing, Petitioner was advised of his rights, waived his rights to staff representation and twenty-four-hour notice, and indicated that he was ready to proceed.  (*Id*. at 4, 8–10.)

Petitioner initially planned to have a witness testify that he was "at home" but then decided against it. (*Id*. at 2.)  At the CDC hearing, Petitioner did not present any evidence; rather, he "admitted the charge." (*Id*.)  Petitioner took "full responsibility" for his actions, said he was "deeply sorry," and "asked for forgiveness." (*Id*.)  The CDC found Petitioner guilty of escape based on the greater weight of the evidence of the facts in the written report and Petitioner's own admission. (*Id*. at 5–6.)  The CDC recommended that Petitioner be terminated from his residential reentry program and complete the remainder of his sentence at Seminole County Jail. (*Id*. at 6.)

On January 24, 2024, a Discipline Hearing Officer (DHO) for the Southeast Regional Office reviewed and certified the CDC's findings. (*Id*. at 2.)  In addition to removing Petitioner from the residential reentry program, the DHO sanctioned

Petitioner by disallowing twenty-seven days of good conduct time and revoking a number of days of community control. (*Id.*)

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court explained:

> [T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed. Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.

*Id.* at 556 (citations omitted). The minimal protections identified in *Wolff* include three procedural features:

> (1) advance written notice of the charges against the inmate (in this case, the Incident Report)[,] (2) an opportunity for the inmate to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals[,] and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action (here, the DHO report).

*Dean-Mitchell v. Reese*, 837 F.3d 1107, 1112 (11th Cir. 2016).

In this case, the disciplinary proceedings complied with the requirements set forth in *Wolff*. On January 10, 2024, Petitioner was provided with written notice of the charge against him, which was the same day the incident report was written. (Dkt. 7-1 at 3.) Petitioner was advised of his rights and waived his right to twenty-four-hour notice. (*Id.* at 9.) The CDC hearing took place on January 12, 2024, and Petitioner had the opportunity to call witnesses, request the assistance of a staff representative, and present a defense. (*Id.* at 8, 10.) Additionally, Petitioner was provided with

- 7 -

written findings of fact explaining the basis for the CDC's and the DHO's determinations and allowing him the opportunity to appeal. (*Id.* at 2–4.) Respondent accordingly complied with the requirements of *Wolff*. Moreover, Petitioner took "full responsibility" for his actions, said he was "deeply sorry," and "asked for forgiveness." (Dkt. 7-1 at 2.) Petitioner is not entitled to relief on his claim, and thus, the court denies the petition.

## CONCLUSION

Accordingly:

1. The petition (Dkt. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment accordingly, and close this case.

**ORDERED** in Orlando, Florida, on October 29, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record